UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLINTON LINDER, | Case No. 1:14CV1489 |
| Petitioner, | JUDGE JAMES G. CARR |
| v. | Magistrate Judge George J. Limbert |
| JAMES HAVILAND[1], WARDEN, | |
| Respondent. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

On June 16, 2014, Clinton Linder ("Petitioner"), pro se, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from his guilty plea which resulted in conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for aggravated murder in violation of Ohio Revised Code ("ORC") § 2903.01 with a firearm specification. On January 2, 2015, Respondent Kevin Jones, ("Respondent"), then Warden of the Allen Correctional Institution in Lima, Ohio where Petitioner was housed at the time that the filed his petition, filed a return of writ. ECF Dkt. #4. Petitioner thereafter filed a traverse, an "objection" to Respondent's answer/return of writ, and a supplemental traverse. ECF Dkt. #s 10, 12, 20. For the following reasons, the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition in its entirety with prejudice because the petition is untimely, Petitioner has not presented sufficient grounds for equitable tolling of the untimely filed petition, and he has not sufficiently established actual innocence:

## I.  FACTUAL BACKGROUND

The Eighth District Court of Appeals of Ohio set forth the relevant facts on direct appeal. ECF Dkt. #4-9. These binding factual findings "shall be presumed to be correct," and Petitioner has

---

[1]Petitioner is still housed at Allen Correctional Institution, where James Haviland is the warden. *See www.drc.ohio.gov* "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name James Haviland as Respondent.

"the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> On September 21, 1993. Linder entered a plea of guilty to aggravated murder with a firearm specification pursuant to a plea bargaining agreement. At the plea hearing, the trial court engaged Linder in a dialogue before accepting his guilty plea. Within that dialogue, Linder responds [a]ffirmatively when asked if he was "satisfied with the extraordinary representation" he received from both of his attorneys. At the end of the dialogue, his plea was accepted and the court immediately proceeded to sentencing. As a consideration of the guilty plea, Linder was sentenced to twenty years to life, and three years actual incarceration for the firearm specification to run consecutively.
>
> On October 26, 1993, Linder filed a motion to withdraw his guilty plea.

ECF Dkt. #4-9 at 2.

## II. PROCEDURAL BACKGROUND

### A. State Trial Court

The Cuyahoga County Grand Jury issued an indictment in its January 1993 term charging Petitioner with one count of aggravated murder in violation of ORC § 2903.01, with a felony murder and firearm specification, one count of aggravated murder in violation of ORC § 2903.01, with felony murder and firearm specification, and one count of aggravated robbery in violation of ORC § 2911.01, with a firearm specification. ECF Dkt. #4-3.

On September 21, 1993, Petitioner, with counsel, appeared before the Cuyahoga County Common Pleas Court and entered a guilty plea to the second count of the indictment charging him with aggravated murder in exchange for the prosecution amending the count to delete the felony murder specification. ECF Dkt. #4-4. On October 20, 1993, the trial court accepted Petitioner's plea and held a sentencing hearing. *Id.* The trial court sentenced Petitioner to a term of twenty years to life in prison with an additional three years of imprisonment for the firearm specification, to run consecutively with each other. *Id.*

### B. Motion to Withdraw Guilty Plea

According to the Ohio appellate court, Petitioner filed a pro se motion to withdraw his guilty plea on October 26, 1993. ECF Dkt. #4-2 at 4. Respondent states that a copy of that motion is no

longer available from the Clerk of Courts for Cuyahoga County because the paper file was purged in accordance with the Clerk of Court's document retention policy. ECF Dkt. #4 at 5, fn. 2.

### C. **Appeal of Trial Court Denial of Motion to Withdraw Guilty Plea**

On November 29, 1993, Petitioner filed a pro se notice of appeal to the Eighth District Court of Appeals.  ECF Dkt. #4-6.  Petitioner, through counsel, asserted the following sole assignment of error on appeal:

> The trial court abused its discretion in denying Defendant-Appellant's motion to withdraw his guilty plea without a hearing, as his guilty plea was not freely and voluntarily made.

ECF Dkt. #4-7.

On November 23, 1994, the Ohio appellate court affirmed Petitioner's conviction and sentence.  ECF Dkt. #4-9.  The appellate court noted that the trial court failed to rule upon Petitioner's motion to withdraw his guilty plea, so it presumed that the motion was denied and the appellate court accepted review over Petitioner's appeal of the denial of the motion.  *Id.* at 3.  The court affirmed the presumed denial of the motion by the trial court, holding that Petitioner failed to provide a sworn affidavit in support of his allegations of ineffective counsel and otherwise failed to set forth sufficient allegations to establish the existence of a manifest injustice in order to overcome the lack of a sworn affidavit.  *Id.* at 3-9.

### D. **Second Motion to Withdraw Guilty Plea**

On July 11, 2012, Petitioner filed a second motion to withdraw his guilty plea in the trial court.  ECF Dkt. #4-10.  On October 25, 2012, Petitioner filed an amended motion to withdraw his guilty plea, this time including assertions of actual innocence and ineffective assistance of trial counsel.  ECF Dkt. #4-12.  He also attached a copy of a letter and affidavit from Mr. Terry Russell, who recanted the incriminatory statements that he had made against Petitioner to police in 1993. *Id.*  The State of Ohio filed a response to the amended motion.  ECF Dkt. #4-13.  Petitioner filed a reply brief.  ECF Dtk. #4-15.

On December 3, 2012, the trial court denied Petitioner's October 25, 2012 amended motion to withdraw his guilty plea.  ECF Dkt. #4-14. On April 17, 2013, the trial court denied Petitioner's July 11, 2012 motion to withdraw his guilty plea.  ECF Dkt. #4-11.

### **E.     Appeal of Amended Second Motion to Withdraw Guilty Plea**

On January 3, 2013, Petitioner filed a notice of appeal of the trial court's denial of his amended motion to withdraw his guilty plea. ECF Dkt. #4-16. In his pro se appellate brief, Petitioner raised the following assignments of error:

> 1. The trial court erred and abused its discretion where that court failed to make and file written findings of facts and conclusions of law relative to the substantive grounds asserted in the motion to withdraw guilty plea in violation of Appellant's absolute right to procedural due process of law as gauranteed[sic] by the Fourteenth Amendment, United States Constitution.
>
> 2. Whether the trial court erred to the prejudice of Appellant in denying motion to withdraw guilty plea without conducting an evidentiary hearing on the issues asserted as cause for the withdrawal violates Appellant's absolute right to procedural due process of law.
>
> 3. The trial court erred as a matter of law in denying Appellant's motion to withdraw guilty plea on account of "newly discovered evidence" without holding an evidentiary hearing violates the core of due process and the appellant's substantial rights and equal protection of law as guaranteed in the constitution[s].
>
> 4. The Defendant-Appellant received deficient assistance of both trial counsels which violated Appellant's constitutional right to effective competent counsel and the due process clause under the Sixth and Fourteenth Amendments of the United States Constitution [***Multiple Instances Included Supporting Ineffective Assistance of Counsel***](emphasis in original).

ECF Dkt. #4-18 at 2-3. The State of Ohio filed an appellate brief and on November 14, 2013, the Ohio appellate court affirmed the trial court's denial of Petitioner's amended motion to withdraw his guilty plea. ECF Dkt. #4-20.

On January 30, 2014, Petitioner pro se filed a "notice" of delayed appeal and a notice of appeal to the Ohio Supreme Court. ECF Dkt. #4-23, 4-24. Petitioner explained that he inadvertently failed to properly complete and sign the "affidavit of indigency" which caused the Ohio Supreme Court clerk of courts to reject his timely notice of appeal and accompanying documents. ECF Dkt. #4-24.

On March 12, 2014, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed his case. ECF Dkt. #4-25.

-4-

**III.     FEDERAL HABEAS CORPUS PETITION**

On June 16, 2014, Petitioner pro se executed the instant federal habeas corpus petition and on July 7, 2014, the petition was docketed. ECF Dkt. #1. Petitioner presents the following grounds for relief in his federal habeas corpus petition:

**Ground One:** ACTUAL INNOCENCE

Supporting Facts:

> DUE TO SEVERAL STATEMENTS WRITTEN BY ALLEGED STATE WITNESSES, I WAS SINGLED-OUT AS THE OFFENDER WHO COMMITTED THE CRIME OF MURDER AND ROBBERY, DUE TO WHAT IS NOW BELIEVED TO [sic] FABRICATED AND FORCED STATEMENTS, WHILE THROUGH THE ATTORNEYS WHO REPRESENTED ME DURING MY TRAIL[sic] PROCEEDINGS I CONTINUED TO VOICE MY INNOCENT[sic], BUT WERE[sic] TOLD THAT IT DID NOT MAKE MUCH DIFFERENT[sic] WHERE A WHITE MAN HAS DIED IN AN[sic] PREDOMINANTLY BLACK NEIGHBORHOOD IN THE COMPANY OF BLACK'S[sic] SELLING DRUGS

**Ground Two:** NEWLY DISCOVERED EVIDENCE

Supporting Facts:

> AT THE TIME OF FILING THE MOTION TO WITHDRAW GUILTY PLEA I RECEIVED A LETTER FROM [A] WITNESS (TERRY RUSSELL) WHO CLAIMS THAT HE PROVIDED A STATEMENT TO POLICE IMPLICATING ME AS THE OFFENDER SOUGHT IN CONNECTION WITH THE MURDER/ROBBERY OF THE VICTIM I NOW STAND CONVICTED THEREOF, THAT THE STATEMENT WAS FALSE AS HE HAD BEEN THREATEN[sic] INTO MAKING DUE TO COERCIVE TACTICS EMPLOYED BY THE CUYAHOGA COUNTY POLICE OFFICIALS TO IMPLICATE THE PETITIONER.

**Ground Three**: TRIAL COURT VIOLATED PETITIONER'S DUE PROCESS OF LAW IN FAILING TO CONVENE A THREE JUDGE PANEL

Supporting Facts:

> BECAUSE I HAD BEEN INDICTED WITH AN OFFENSE PUNISHABLE WITH DEATH THE STATE WERE[sic] REQUIRED TO EMPANEL A THREE-JUDGE PANEL ON THE ACCEPTANCE OF MY GUILTY PLEA TO DETERMINE WHETHER I WAS GUILTY OF AGGRAVATED MURDER OR AN[sic] LESSER OFFENSE.

**Ground Four**: INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting Facts:
> FAILURE TO PROTECT THE PETITIONER'S RIGHT DURING THE CRITICAL STAGES OF HIS WRONGFUL AGGRAVATED MURDER CONVICTION.

ECF Dkt. #1.  On January 2, 2015, Respondent filed a return of writ.  ECF Dkt. #4.  On February 2, 2015, Petitioner filed a traverse.  ECF Dkt. #10.  On March 3, 2015, Petitioner filed an "Objection to the Respondent's Answer [Doc. #4] * * Including the Consolidation of [Doc. #7] **."  ECF Dkt. #12.  On December 4, 2015, Petitioner filed an "Objection/Reply/Supplemental Traverse to the Respondent's Response [Substituted Supplemental Report]."  ECF Dkt. #20.

## IV.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.  LAW ON AEDPA, PRE-AEDPA AND STATUTE OF LIMITATIONS

Respondent contends that the instant petition is time-barred and should be dismissed.  ECF Dkt. #4 at 14-17.  Petitioner concedes that he filed his instant federal habeas corpus petition more than 19 years after his conviction became final.  ECF Dkt. #12 at 6.

Petitioner filed the instant federal habeas corpus petition on June 16, 2014.  Accordingly, his federal habeas corpus petition is governed by The Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his petition for writ of habeas corpus well after the AEDPA's effective date of April 24, 1996.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), cert. denied, 522 U.S. 1112 (1998).  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

However, if a petitioner's conviction became final before the effective date of the AEDPA, which applies in the instant case, then he is allowed a one-year grace period from the April 24, 1996 effective date of the AEDPA in which to file a timely federal habeas corpus petition. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999) (holding that the Sixth Circuit extends a one-year grace period to AEDPA's statute of limitations for petitioners whose convictions became final by the conclusion of direct review before April 24, 1996), *vacated on other grounds*, 120 S Ct. 2715 (2000); *see also Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *Hill v. Randle*, 27 Fed. Appx. 494 (6th Cir. 2001); *Doran v. Birkett*, 2000 U.S. App. LEXIS 4154 (6th Cir. 2000); *Gould v. Jackson*, 2000 U.S. App. LEXIS 4143 (6th Cir. 2000). Thus, a federal habeas corpus claim filed before April 24, 1997, based on a final conviction rendered prior to that date, would be considered timely. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve

to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001);*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

### B. STATUTE OF LIMITATIONS

Here, Petitioner had one year from April 24, 1996, or until April 24, 1997, in which to file his federal habeas corpus petition, as his conviction and sentence had become final well before the April 24, 1996 effective date of the AEDPA. *Brown*, 187 F.3d 572. The trial court issued its conviction and sentencing entry on October 20, 1993. ECF Dkt. #4-4. Petitioner had thirty days, or until November 19, 1993, in which to file an appeal of the trial court's judgment but he did not do so. ECF Dkt. #4-6; Ohio R. App. P. 4(A). Rather, he filed a notice of appeal on November 29, 1993, after the thirty-day appeal time expired. *Id*. And this appeal concerned the trial court's denial of his motion to withdraw his guilty plea which he had filed in the trial court on October 26, 1993. ECF Dkt. #4-2 at 4. And while the trial court did not rule on the motion, Petitioner appealed the

-8-

implied denial of his motion to the Ohio appellate court and the appellate court ruled on that appeal on November 23, 1994. ECF Dkt. #4-9 at 3. Thus, Petitioner's conviction and sentence became final thirty days after the trial court's sentencing entry or on November 19, 1993, when his appeal time had expired. Even with the 45 days in which to file with the Ohio Supreme Court, which Petitioner did not do, and allowing another 90 days in which to file with the United States Supreme Court, Petitioner is still not beyond the April 24, 1997 one-year grace period given to him under the AEDPA statute. Accordingly, Petitioner had until April 24, 1997 in which to file the instant federal habeas corpus petition. He filed the instant federal habeas corpus petition on June 16, 2014, some seventeen years later.

While Petitioner filed a motion to withdraw his guilty plea and subsequent motions to withdraw his guilty plea and he appealed the rulings on those motions, those motions do not impact the April 24, 1997 statute of limitations or serve to toll or otherwise restart the clock. The "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.

### C. **FACTUAL PREDICATE**

As pointed out by Respondent, a federal habeas corpus petitioner may be entitled to a later start date of the statute of limitations for filing his petition if he was unable to discover the factual predicate of his claims with the exercise of due diligence. ECF Dkt. #4 at 15, citing 28 U.S.C. § 2244(d)(1)(D). Petitioner alleges that he did not learn of the basis of his predicate claims until he received newly discovered evidence of Terry Russell's October 2012 recantation of his 1993 statement to police. ECF Dkt. #1 at 6-8.

The undersigned recommends that the Court find that Petitioner should not benefit from a later start date for the filing of his federal habeas corpus petition. Section 2244(d)(1)(D) indicates that the limitations period begins when the factual predicate for the claim could have been discovered

-9-

through the exercise of due diligence, "not when it was actually discovered by the petitioner." *Bates v. Warren*, No. 05-CV-72772-DT, 2010 WL 1286206, at *8 (E.D. Mich. Mar. 30, 2010), citing *Brooks v. McKee*, 307 F.Supp.2d 902, 905-906 (E.D. Mich. 2004)(citing cases).  The time for discovering the factual predicate starts when the "petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts." *Id*.  The burden is on the petitioner to show that he exercised due diligence in discovering the factual predicate of his claims.  *Stokes v. Leonard*, 26 Fed. App'x 891, 904 (6th Cir. 2002).

In the context of recanting witness affidavits, federal courts have held that the limitations period for discovering the factual predicate begins "when the petitioner knew or could have discovered that the witness was willing to recant his or her testimony, not when the affidavit is executed." *Bates*, 2010 WL 1286206 at *8, citing  *Deloney v. McCann*, 229 Fed. Appx. 419, 422 (7th Cir.2007) (ruling that limitations period began when the petitioner became aware of relevant facts not when he obtained supporting evidence and noting that the petitioner did not argue that he was unaware of the witness's recantation until he obtained her affidavit); *Ajamu-Osagboro v. Patrick*, 620 F.Supp.2d 701, 711-12 (E.D.Pa.2009) (limitations period began to run when the witness's sister contacted petitioner in prison and informed him that the witness was willing to recant); *Chism v. Johnson*, No. 3-99-CV-2412-BD, 2000 WL 256875, *2 (N.D.Tex. March 7, 2000) (rejecting argument that petitioner could not have discovered the factual predicate for his claim until the witness executed an affidavit recanting trial testimony); *see also Fama v. Commissioner of Corr. Svs.*, 235 F.3d 804, 816 n. 10 (2d Cir.2000) (noting that the affidavit was not newly-discovered when signed in 1997 because affiant apprised the petitioner of the witness's admission of perjury in a 1995 letter).

In the instant case, Petitioner offers no information concerning when he first became aware that Mr. Russell would recant his statement.  Petitioner asserts that he continuously professed his innocence to his counsel but they disregarded his statements.  However, he fails to explain why he did not make any written assertions of his innocence until nineteen years after he entered a guilty plea.  Nor did Petitioner pursue any efforts to establish his innocence until nineteen years after his guilty plea.  Further, neither he nor Mr. Russell fail to explain why Mr. Russell waited nineteen years

to recant. Long-delayed affidavits which seek to exonerate a petitioner are "treated with a fair degree of skepticism." *Herrera v. Collins*, 506 U.S. 390, 423, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Courts also view recanting affidavits and witnesses with "extreme suspicion." *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir.1991); *see also Byrd v. Collins*, 209 F.3d 486, 508 n. 16 (6th Cir.2000). In light of this long delay, and without further explanation, the undersigned recommends that the Court find that Petitioner is not entitled to a later start date for the filing of his federal habeas corpus petition.

### D. EQUITABLE TOLLING

The undersigned further recommends that the Court find that Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

The undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling. As explained above, Petitioner entered a guilty plea to the crimes in a plea colloquy in 1993. He did not pursue claims of innocence until 2012 when Mr. Russell provided a statement of recantation for which no explanation of the delay was offered and Petitioner failed to explain his lack of pursuit of such a claim prior to 2012. Accordingly, the undersigned recommends that the Court find no merit to Petitioner's equitable tolling assertion.

### **E**.    **ACTUAL INNOCENCE**

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  But "actual innocence means factual innocence, not mere legal insufficiency."  *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley*, 118 S.Ct. at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id*. at 324.  The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case."  *Id.* at 321.

In the instant case, Petitioner has entered a guilty plea to the charge for which he asserts his actual innocence.  "Though the result often seems counterintuitive, a defendant that pled guilty still may assert a *Schlup* claim."  *See Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014)(citations omitted).  In such a case, "[t]he application of *Schlup* ... creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy." *Id.,* citing cases.  In such cases, the Court may consider  the "facts to which [the petitioner] admitted" when he entered his guilty plea and "any other evidence of his guilt that the Government has marshaled." *Connolly v. Howes*, 304 Fed.Appx. 412, 418 (6th Cir. 2008) (internal citation and quotation marks omitted). *Cf. Bousley*, 523 U.S. at 623–624 (in remanding case to allow the petitioner to show actual innocence to excuse a procedural bar of his guilty-plea conviction, the

-12-

Supreme Court stated that "the Government is not limited to the existing record to rebut any showing that petitioner might make" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy").

Petitioner asserts that he was forced to plead guilty because his counsel told him that if he did not do so, he would be put to death because someone had to be sacrificed for the death of a white victim in a predominantly black neighborhood where drugs were being sold. ECF Dkt. #12 at 3. He contends that counsel also told him that they could not defend him against the incriminating statement made by his uncle, who indicated that Petitioner was the person who fired the gun that resulted in the death of the victim. *Id*.

While Petitioner alleges these numerous claims, he presents only the affidavit of Mr. Russell as new evidence. Even accepting Mr. Russell's affidavit provided 19 years after Petitioner's plea of guilt, and accepting that Petitioner's guilty plea was made with coercion despite the plea colloquy showing otherwise, the undersigned still recommends that the Court find that Petitioner's actual innocence argument fails. In considering Petitioner's appeal of the Ohio trial court's denial of his amended motion to withdraw his guilty plea based upon Mr. Russell's recantation affidavit, the Ohio appellate court explained that Mr. Russell's affidavit was not the only evidence upon which the State of Ohio based its case. ECF Dkt. #4-20 at 7. The court noted that Petitioner himself had cited to the statements of four witnesses who implicated him in the murder, including his own uncle. *Id*.

Moreover, ineffective representation of counsel or Petitioner's ignorance of the law are insufficient to support a claim of actual innocence. *See Martin v. Mackie*, No. 1:15-CV-594, 2015 WL 4507812, at *1 (W.D. Mich. July 24, 2015)(failure to provide effective assistance of counsel is not enough to excuse statute of limitations bar); *May v. LaRose*, No. 2015 WL 3454744, at *5 (N.D. Ohio, May 29, 2015)("[l]ack of actual notice or 'ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing.'" (citations omitted)).

For these reasons, the undersigned recommends that the Court find that Petitioner has not sufficiently established his actual innocence in order to have his federal habeas corpus petition considered on the merits despite his untimely filing of the petition.

## V.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed, not entitled to equitable tolling, and is not otherwise entitled to consideration under the actual innocence exception.  Accordingly, the undersigned recommends that the Court DISMISS the petition, in its entirety, with prejudice.

Date: May 31, 2016              */s/George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).