IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clinton Linder,                              Case No. 1:14CV1489

         Plaintiff

     v.                                 **ORDER**

James Haviland, Warden,

         Defendant

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

In 1993, petitioner Clinton Linder pleaded guilty in the Common Pleas Court of Cuyahoga County, Ohio to aggravated murder and received an indeterminate sentence of between twenty years' and life imprisonment. The Ohio Court of Appeals, Eighth District, affirmed the denial of Linder's motion to withdraw his guilty plea. *State v. Linder*, 1994 WL 663536 (Ohio App.).

Thereafter, Linder took no steps to challenge his conviction until 2012, when he filed a second motion to withdraw his plea on the ground that newly discovered evidence proved that he was innocent. (Doc. 4–12). Linder attached an affidavit from Terry Russell recanting his statement that Linder was the killer and swearing that police had coerced him into implicating Linder. (*Id.* at 22–23).

The state trial court denied the motion, and the Court of Appeals affirmed that denial. *State v. Linder*, 2013-Ohio-5018 (Ohio App.). The Ohio Supreme Court denied Linder's ensuing motion for a delayed appeal. *State v. Linder*, 138 Ohio St. 3d 1432 (2014) (table).

Linder then filed the pending habeas petition, which alleges: 1) he is actually innocent; 2) newly discovered evidence proves his innocence; 3) given that prosecutors charged Linder with a capital offense, the Common Pleas Court should have convened a three-judge panel to accept his guilty plea; and 4) ineffective assistance of counsel based on the "failure to protect [his] right [*sic*] during the critical stages of his wrongful aggravated murder conviction." (Doc. 1 at 5, 8–9, 11).

Pending is Magistrate Judge Limbert's Report and Recommendation, which concluded that the petition is untimely. (Doc. 21). Linder has filed an objection. He does not dispute that the petition is time-barred, but does contend that his actual-innocence claim is strong enough to excuse the late filing. (Doc. 23)

I have reviewed the R&R de novo in light of Linder's objection, but I find no basis there to do anything other than accept the R&R, adopt it as part of this order, and dismiss the petition.

The Magistrate Judge determined that Linder's actual-innocence claim did not meet the high standard for excusing non-compliance with the limitations period. *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). As the Magistrate Judge pointed out, even if one accepted Russell's recantation at face value, there remained at least three other witnesses – including Linder's uncle, Lee Tisdale – who implicated him in the murder. (Doc. 21 at 13); *see also Linder*, *supra*, 2013-Ohio-5018, at ¶15.

This conclusion was entirely sound.

To make out an actual-innocence claim, Linder needed to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, *supra*, 133 S. Ct. at 1928. He needed to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

eyewitnesses accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

But given the remaining eyewitness accounts implicating Linder, the Russell affidavit – which, like the innocence claim itself, did not emerge until 2012, nearly twenty years after the plea – is insufficient to meet that high bar. A rational jury could readily discredit the recantation in favor of the other evidence, especially Tisdale's statement, implicating Linder.

Finally, Linder mentions, apparently for the first time in these habeas proceedings (and also, it seems, for the first time in any proceeding), that two of his relatives could have provided an "alibi." (Doc. 23 at 7). According to Linder, Darlene and Tanisha Kilgore "*may have vouched*" for the fact that Linder was with them at the time of the murder. (Doc. 23 at 7) (emphasis supplied).

But Linder points to no statement or affidavit from these witnesses themselves, and his assertion that they "may" provide an alibi for him plainly does not meet the *McQuiggin* standard.

It is, therefore

ORDERED THAT

1. Linder's objection (Doc. 23) to the Magistrate Judge's Report and Recommendation be, and the same hereby is, overruled;

2. The Report and Recommendation (Doc. 21) be, and the same hereby is, adopted as the order of the court;

3. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, dismissed with prejudice;

4. No certificate of appealability will issue, as reasonable judges would not debate that the petition is untimely; and

5.   In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal could not be taken in good faith, and none shall be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge